# CIRCUIT COURT OF BALTIMORE CITY.

Filed March 29, 1897.

MARION DUCKETT, ET AL., TRUSTEES,

VS.

NATIONAL MECHANICS' BANK.

*David S. Briscoe, Charles H. Stanley* and *Marion Duckett* for plaintiffs.

*Barton & Wilmer* for defendant.

DENNIS, J.—

The checks, for the amount of which it is now sought to hold the bank liable, were made payable to the cashier, and showed upon their face that the money was paid to Claggett's account as trustee, as they contained a direction by the drawer to place them to his trust account. As the trustee had no trust account with the bank, but had kept an individual account with it for many years, the bank, instead of opening a new account with him as trustee, placed the credits to his individual account; and the amounts so deposited were drawn out, from time to time, by the trustee until the fund was exhausted. Subsequently, upon an accounting, he was shown to be a defaulter to the trust estate. It is not shown that any of these particular funds so drawn were improperly applied; but the theory of the bill is that the depositing by the bank of these checks to his individual account, enabled him to make the subsequent breaches of trust, and that it is therefore liable for his defalcation to the extent of this deposit.

It is not contended that the bank knew of any contemplated misappropriation by him; nor is it shown that these particular funds were misappropriated, or that it is responsible for the defalcation upon any other theory than that the deposit of the checks to his individual, instead of to his trust, ac

count enabled him to make it. For all that appears in the testimony, these funds may have been properly applied to the purposes of the trust estate; and if this was so, it would seem to be clear that the bank could not be held liable for a breach of trust which occurred subsequently and could in no way be traced to its action in regard to this deposit.

But, even if it was shown that the trustee misapplied these particular funds, I do not see how the bank can be held responsible.

If the checks had been made payable to him as trustee, and he had properly endorsed them and directed the bank to place them to his individual account, the bank would have been bound to so place them; because under many circumstances of the trust estate he might have had a perfect right to so order, and the bank could not be charged with knowledge of such a state of accounts between him and the estate as might have made such action by him improper. And if the bank had placed them to his individual account, in accordance with his direction, and he had subsequently drawn them out on his individual check, the bank would not be responsible for his subsequent misappropriation of them, unless it knew or had reason to believe that he intended to make a misappropriation; because the duty of the bank is to pay upon the order of the depositor when the check is drawn in the name and character in which the deposit is made. Now, the trustee knew he had no trust account with the bank, and that these checks had been deposited to his individual account, and with this knowledge he continued to check against the fund until it was exhausted. It seems to me this action was as complete a ratification by him of the action of the bank in having placed the checks to his individual account, as if he had originally ordered them to be so placed. That he might have so ordered them, is, I think, clear. The order of the *drawer* of the checks to have them placed to the trust account, unquestionably released the drawer from all responsibility to the trust estate, because the bank received them on that account; but having them in hand on that account, if, as I have tried to show, the trustee still had control of them so as to be able to direct, as be-

tween him and the bank, how they should be credited, and the bank placed them as directed by the Trustee or as subsequently ratified by him, and there was nothing in that act itself, to show an actual or contemplated breach of trust, and the bank had no knowledge or reason to suspect an intended breach, I do not see how it can be held responsible for doing what it was its duty to do, because of the subsequent misappropriation by the trustee of the money. His ratification of its action was equivalent to a prior direction; and had he given such direction, it is difficult to see upon what ground the bank could have refused to comply with it, or how such compliance could have imposed upon it responsibility for the trustee's subsequent acts.